RAY AMATO et al., Plaintiffs, *v.* ERNEST D. CALOBRISI, Defendant.

Supreme Court, Special Term, New York County, May 9, 1949.

*Israel E. Pechter* for plaintiffs.

*Allin, Riggs & Shaughnessey* for defendant.

PECORA, J.    Plaintiffs sued to recover $4,200 representing the balance due upon a series of promissory notes given them by defendant. It appears that on December 31, 1947, plaintiffs and defendant entered into a written agreement whereby the defendant purchased a grocery store from plaintiffs. In accordance with the terms of said contract of sale defendant gave plaintiffs

a series of fifty-one promissory notes, each in the sum of $100, each dated January 2, 1948, the first payable one month later and each one of the others payable consecutively one month apart. All of said notes bore interest at the rate of 5% per annum. The notes provided that upon default in payment of any one of them the remaining notes shall immediately become due and payable without further notice, at the option of the holder. The notes were secured by a chattel mortgage on the store fixtures.

Defendant paid the notes due for each month including May, 1948. On May 11, 1948, he sold the grocery store to one Abraham Goldberg who agreed with defendant to assume the remaining notes and did pay the notes of defendant up to and including October, 1948. Plaintiffs were not parties to the arrangements between Goldberg and defendant but apparently accepted the payments made by Goldberg without question. The note due November 2, 1948, was not paid and plaintiffs notified defendant, in writing, that they elected to treat the balance (which totaled $4,200) as due and payable forthwith. Defendant failed to pay. In his answer he sets up a general denial and three defenses in substance as follows: (1) that by accepting payment from Goldberg plaintiffs released and discharged defendant from all further liability under the notes; (2) that plaintiffs had seized the fixtures which were the security for the notes; that the fixtures were worth $4,500 and therefore plaintiffs were precluded from suing on the notes but must satisfy the debt from the security; (3) upon information and belief that Goldberg has filed in bankruptcy and plaintiffs have filed a claim against him and are therefore barred.

Plaintiffs' affidavit in support of the motion flatly denies the filing of any claim in the bankruptcy proceeding of Goldberg. Plaintiffs also deny any privity with Goldberg and state that any arrangements between Goldberg and defendant were without any consent by plaintiffs, which is not contradicted by defendant in any way. It is also pointed out that the notes were never changed, amended or transferred but were presented and collected in accordance with their terms. Defendant's opposing affidavit is almost entirely devoid of fact. It in effect repeats the allegations of the answer without supporting evidence. It is urged that by accepting payment from Goldberg plaintiffs acquiesced in the former's assumption of defendant's liability upon the notes and that in any event a triable issue is presented as to whether such acceptance did result in acquiescence.

It is my opinion that defendant has failed to show a meritorious defense or even to raise a triable issue of fact. There is no merit to his contention that plaintiffs acquiesced in Goldberg's assumption of the notes and thereby discharged defendant's liability. The facts clearly show that at no time did plaintiffs consent to release defendant from his liability upon the notes. The mere circumstance that Goldberg paid several notes as they came due did not remove defendant's liability to pay in the absence of any proof that plaintiffs had affirmatively agreed to accept Goldberg's liability in lieu of defendant's and there is absolutely no such proof here. It is uncontradicted that the notes were paid in accordance with their terms at the required place as they had always been paid prior to the sale to Goldberg. All Goldberg actually did here was to make the payments for defendant and so long as they were made plaintiffs had no cause for legal action. Once default occurred, plaintiffs could only proceed against defendant who obviously is the only one liable upon the notes. The private arrangement between Goldberg and the defendant regarding payment of the notes was in no way binding upon plaintiffs and did not operate to relieve defendant of liability.

So far as the other contentions of defendant are concerned I am also of the opinion that they have no merit. Plaintiffs were under no obligation to liquidate the security for the chattel mortgage before proceeding upon the notes and defendant has completely failed to show any proof that plaintiffs filed a claim in the bankruptcy proceeding against Goldberg. The motion for summary judgment is therefore granted. Settle order.